Freddie NORTON *v.* STATE of Arkansas

CR 80-178                                    609 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered December 15, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by:*Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. The only question presented by this appeal is whether the evidence is sufficient to sustain a conviction of burglary.

On the evening of July 25, 1979, shortly after the sound of breaking glass was heard, appellant, Freddie Norton, was observed opening from the inside the front door of an office building, which had been secured for the night, and speaking to two acquaintances who were walking by. When later that evening the owner of the building discovered the front door open, a window broken out, glass on the floor, and her window drapes down, a police investigation ensued. It was learned that nothing was taken from the office building, although the only potential valuables located in the building were boxes of undisclosed items belonging to two dentists who were in the process of relocating. The investigation also revealed that on the very same evening a house located near the office building had been illegally entered, apparently through a bedroom window, and several valuables taken.

The appellant was arrested and charged with two counts of burglary and one count of theft of property. The same person who had seen appellant in the doorway of the office building also testified that she saw a man from behind who looked like appellant standing on a bucket beneath the window of the home which had been burglarized. The jury acquited appellant on the charge of burglary of the home and the theft of property but convicted him of burglary of the office building. Since appellant had also been charged under the Habitual Criminal Act, Ark. Stat. Ann. § 41-1001 et seq (Repl. 1977), the jury imposed a sentence of 15 years after finding that he had been convicted of at least two previous felonies.

On appeal of a criminal conviction, we view the evidence in the light most favorable to the state and affirm if there is substantial evidence to support the conviction. *Lunon* v. *State*, 264 Ark. 188, 569 S.W. 2d 663 (1978). Evidence is substantial if it is of sufficient force and character to compel a conclusion

with reasonable and material certainty. *Jones* v. *State*, 269 Ark. 119, 589 S.W. 2d 748 (1980).

A person commits burglary when he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977). Appellant primarily contends that his burglary conviction 'should be reversed because there is no evidence other than that of his entry which establishes that he intended to commit an offense punishable by imprisonment. Since a specific intent, as well as illegal entry, are both elements of the crime of burglary, appellant argues that independent proof of each is required and that the existence of one cannot be presumed from the existence of the other.

The appellant's argument is grounded in the United States Supreme Court decision of *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). There, it was held that the Due Process Clause of the 14th Amendment requires that the prosecution prove beyond a reasonable doubt every element of the crime charged. The Court invalidated a Maine homicide statute which implied malice aforethought in any criminal prosecution of an intentional homicide unless the defendant established by the preponderance of the evidence that the homicide was committed in the heat of passion. In commenting on the *Mullaney* holding in a subsequent case, *Patterson* v. *New York*, 432 U.S. 197, 215 (1977), the Supreme Court said:

> *Mullaney* surely held that a State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense. . . . Such shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause.

The well established principles enumerated by the United States Supreme Court in *Patterson* and *Mullaney* are controlling upon us today. Accordingly, we hold a specific criminal

intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of illegal entry of an occupiable structure. The prosecution must prove each and every element of the offense of burglary beyond a reasonable doubt and cannot shift to the defendant the burden of explaining his illegal entry by merely establishing it. Not only is illegal entry an independent element of burglary, but it also constitutes a separate crime punishable as criminal trespass. Ark. Stat. Ann. § 41-2004 (Repl. 1977). By implying a specific criminal intent from mere evidence of illegal entry, the state not only evades its constitutional evidentiary burden in criminal prosecutions but imposes upon a defendant the responsibility to prove he only committed a criminal trespass or stand in jeopardy of a conviction of burglary.

We are not unmindful that our decision in *Grays* v. *State*, 264 Ark. 564, 572 S.W. 2d 847 (1978), may suggest that the specific intent requirement of burglary may be presumed from the unexplained illegal entry of an occupiable structure. In *Grays*, however, the defendant fled, eluding the police officers, when his presence was discovered in the occupiable structure. We have consistently suggested that the flight of an accused to avoid arrest is evidence of his felonious intent. See, *e.g., France* v. *State*, 68 Ark. 529, 60 S.W. 236 (1900), *Smith* v. *State*, 218 Ark. 725, 238 S.W. 2d 649 (1951), *Russell & Davis* v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977). Notwithstanding our holding in *Grays*, however, we find no evidence here other than appellant's illegal entry to sustain a conclusion that appellant's entry was for the purpose of committing an imprisonable offense. Certainly, the evidence of the other neighborhood crimes is immaterial since appellant was acquitted of those charges. At most, the evidence revealed that appellant was standing inside the doorway of an office building which he had illegally entered and from which nothing was taken, speaking to his friends passing by. Although criminal intent is by nature subjective and usually provable only by circumstantial evidence, it remains an independent and indispensable element of the crime of burglary and cannot be presumed from another fact, the establishment of which is also essential to a conviction of burglary.

Reversed.