Eddie Lee SMALL *v*. STATE of Arkansas

CA CR 81-136                                   632 S.W.2d 448

Court of Appeals of Arkansas
Opinion delivered May 12, 1982

*Henry N. Means, III* and *James H. Phillips,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted by the trial court, sitting without a jury, of burglary, and

sentenced to five years in prison. He urges on this appeal that the trial court should have granted his motion for a directed verdict at the conclusion of the state's case, and contends that there is insufficient evidence to sustain the conviction. We find no error and we affirm.

A directed verdict of acquittal is proper only when no fact issue exists, and this court will review the evidence in the light most favorable to the appellee, the state, and affirm if there is any substantial evidence to support the verdict. *Harris* v. *State*, 262 Ark. 680, 561 S.W.2d 69 (1978).

There was ample evidence that a burglary and theft were committed at a truck maintenance shop occupied by Haygood of Arkansas some time prior to 7:15 a.m. on November 7, 1979. A chain link fence surrounding the Haygood building was cut with bolt or wire cutters, and entry was gained to the building by pulling away a piece of siding by the use of a screwdriver and some type of pliers. Tools were scattered from the point of entry through the chain link fence and into a weeded field. A tool box was found along with the tools.

Appellant was a passenger in an automobile stopped by the police at 12:30 p.m. on the same day as the break-in, after appellant attempted at about 9:00 to sell tools. The vehicle was obviously loaded and tools were found in the front and rear floorboards. In the trunk of the automobile, a large tool box filled with tools, weighing approximately 225 pounds, was found. A Haygood employee identified the box and tools as property taken from Haygood's, and the trial judge found that the tools recovered belonged to Haygood's and Haygood employees. The chief trace evidence analyst at the Arkansas State Crime Laboratory compared a plaster cast of a distinctive shoe print, found at the point where the chain link fence at Haygood's was cut, to the shoes worn by appellant at the time of his arrest, and testified that the size, design, and soil found on the sole of appellant's shoe were consistent with those found on the shoe print.

Ark. Stat. Ann. § 41-2002 (Repl. 1977) provides that a person commits burglary if he enters or remains unlawfully in an occupiable structure with the purpose of committing

therein any offense punishable by imprisonment. The due process clause of the fourteenth amendment to the United States Constitution requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. *In re Winship,* 397 U.S. 358 (1970); *Patterson* v. *New York,* 432 U.S. 197 (1977). The principle was restated by the Arkansas Supreme Court in *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980).

There was direct evidence that the Haygood building had been broken into; that a large quantity of tools had been stolen from the Haygood premises; and that appellant was in possession of some of the tools about noon on the day of the break-in. There was circumstantial evidence sufficient to support an inference that the tools in appellant's possession were items taken from the Haygood building and that appellant entered the building.

The possession of recently stolen property is a proper circumstance to consider on the charge of burglary. *Klimas* v. *State,* 259 Ark. 301, 534 S.W.2d 202 (1976). In addition to the circumstance of possession by appellant, a distinctive shoe print consistent with appellant's shoe was found at the scene, and the stolen tools were scattered widely from the point of entry to the Haygood building. Evidence that appellant attempted to sell the tools within less than two hours after the break-in was discovered is also a circumstance to be considered.

The fact that much of the evidence was circumstantial does not render it insubstantial. The law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred. *Williams* v. *State,* 258 Ark. 207, 523 S.W.2d 377 (1975).

The trial court correctly denied appellant's motion for a directed verdict, and there was substantial evidence to support the verdict.

Affirmed.

COOPER, CORBIN and GLAZE, JJ., dissent.