Richard Joe JOHNSON *v.* STATE of Arkansas

CA CR 82-152                                      646 S.W.2d 22

Court of Appeals of Arkansas
Opinion delivered February 9, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Kelly Carithers,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Richard Joe Johnson appeals from his conviction of burglary and misdemeanor theft of property. Ark. Stat. Ann. § 41-2002 (Repl. 1977) defines burglary as entering or remaining unlawfully in an occupiable structure with the purpose of committing any offense punishable by imprisonment. The appellant's sole contention on appeal is that although the State may have adequately proved that the appellant unlawfully entered an occupiable structure from which a purse containing $20 was taken, there was insufficient proof that he took the purse. He argues that as there was no proof that he committed the crime while in the house the essential element of his criminal intent which must accompany the proof of unlawful entry cannot be sustained. We do not agree.

On appeal we view the evidence in the light most favorable to the State and will affirm if there is substantial evidence to support the conviction. *Profit* v. *State,* 6 Ark. App. 51, 637 S.W.2d 620 (1982). The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Cooper* v. *State,* 275 Ark. 207, 628 S.W.2d 324 (1982); *Small* v. *State,* 5 Ark. App. 87, 632 S.W.2d 448 (1982). Intent is a state of mind which is not ordinarily capable of proof by direct evidence so it must be inferred from the circumstances. *White* v. *State,* 271 Ark. 692, 610 S.W.2d 266 (1981).

The evidence most favorable to the State discloses that at 3:00 a.m. on the morning of November 17, 1981, Earnestine Dykes was awakened by a telephone call from a neighbor informing her that her house was being unlawfully entered. She and the other occupants of her apartment looked through the apartment but the intruder had fled. They found the back door, which had been securely locked, was open and that entry had been gained through a kitchen window from which the screen had been unscrewed. Eliza Cobb, who lived with her daughter Earnestine Dykes, testified that when she went to bed she had hung her purse containing $20 on the doorknob of her bedroom. When she was awakened by her daughter she discovered the purse was missing. It was later recovered but the currency had been removed.

Minne Sims, who occupied an apartment, the back of which faced the back porch of the Dykes' apartment, testified that she was well acquainted with the appellant. She was awake at 3:00 a.m. because her son had not yet come home and she was worried about him. She went to her kitchen window and saw the appellant peering into the windows of two or more apartments across from hers. He then went back to the Dykes' apartment and unscrewed the light bulb on her back porch and began fumbling with the window screen. The witness then left the window to telephone a warning to a neighbor. When she returned to the window she saw the appellant run out of the Dykes' back door. She stated that when he ran out of the back door he had some object in his hand but she did not know what it was.

The appellant argues that as there was no proof that he took the missing purse the essential element of his intent was not proved and cannot be presumed by merely showing that he unlawfully entered the occupiable structure. He relies on the decision of *Norton v. State,* 271 Ark. 451, 609 S.W.2d 1 (1980). In *Norton* the accused was seen coming out the front door of an office building which had been securely locked for the night. Entry had been gained by breaking out a window. The owner testified that although his entry had been unlawful nothing was taken from the office. The appellant was convicted of burglary. The Arkansas Supreme

Court reversed that conviction stating that the burden was on the State to prove each essential element of the crime of burglary and that a specific criminal intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of illegal entry into an occupiable structure. The prosecution must prove every element of the offense beyond a reasonable doubt and cannot shift to the defendant the burden of explaining his illegal entry by merely establishing it.

*Norton* is easily distinguishable. In *Norton* nothing was taken. In the case now under review it was firmly established that the missing purse was hanging on the doorknob when its owner went to bed and was found missing right after the appellant fled the apartment. From these facts and circumstances a jury could easily infer that the appellant's unlawful entry was accompanied by the intent to commit a theft and that he did do so.

We find no error.