Roy Lee GOLDEN *v.* STATE of Arkansas

CA CR 83-111                                    664 S.W.2d 496

Court of Appeals of Arkansas
Division I
Opinion delivered February 15, 1984

*Bill E. Ross,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. This appeal arises from appellant's conviction for burglary for which he was sentenced to ten years in the Department of Correction. The facts of the case are undisputed. Two Blytheville police officers, Don Pease and John Blair, testified that at approximately 5:30 A.M. on September 14, 1982, an alarm went off at the Blytheville Police Department, indicating that someone had entered Southern Farmers' Association, a chemical business. Police officers went to the building, found the front door locked, and summoned Doug Truelove, the assistant manager, to let them in. Their search of the building revealed appellant in the bathroom behind the door and a broken window in the

office area. The secretary's desk had been rifled. The appellant, who had a cut on his hand, had some Band-Aids in his shirt pocket which Truelove identified at trial as having come from the secretary's desk drawer.

The appellant was charged by information with burglary. To prove burglary, the State was required to show the appellant entered the Southern Farmers' building "with the purpose of committing therein any offense punishable by imprisonment." *See* Ark. Stat. Ann. § 41-2002 (Repl. 1977). Toward that end, the State at trial was permitted, over the objections of appellant's counsel, to introduce evidence showing that appellant had three previous convictions for burglary, two in 1979 and one in 1980. These convictions all resulted from guilty pleas by the appellant. In holding such evidence admissible under Rule 404(b) of the Uniform Rules of Evidence, the trial court found that "the best, strongest and most probative evidence available to the State" to show the defendant's "purpose, intent or state of mind . . . at the time he entered the building" was "to allow the prior offenses of a similar nature." Appellant contends the trial judge erred in permitting the State to introduce the three prior burglary convictions to show appellant's intent. Appellant also contends the trial judge erred in not submitting, on its own motion, a cautionary instruction to the jury respecting the three prior convictions. Since appellant's second point for reversal is the easier to resolve, we will discuss it first.

The record reveals that the trial court and appellant's attorney discussed the possibility of a limiting instruction. Appellant's attorney refused the trial court's offer to give such an instruction because he felt "any cautionary instruction would be ridiculous." The trial court's failure to give a cautionary instruction on its own motion was not otherwise raised at the trial level; therefore, it will not be considered in this appeal. *Smith* v. *State*, 266 Ark. 861, 587 S.W.2d 50 (1979), *cert. denied* 445 U.S. 905 (1980).

The main issue presented in this appeal is the proper application of Uniform Rule of Evidence 404(b), which states:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Price* v. *State,* 268 Ark. 535, 597 S.W.2d 598 (1980), the Supreme Court set forth the analytic framework to be followed in resolving 404(b) questions. *Price* requires that evidence of other crimes pass two tests to be admissible: (1) the other crimes evidence must be independently relevant, and (2) must meet the "probative value versus unfair prejudice" balancing test of Uniform Rule of Evidence 403. Whether the evidence of the three prior guilty pleas is relevant to show appellant Golden's specific intent to commit an offense punishable by imprisonment is a difficult matter to resolve. Because the introduction of the three prior pleas violates the Rule 403 test, we find it unnecessary to decide the relevancy issue.

Rule 403 states:

Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time. — Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This rule is easier stated than applied. The difficulty arises in the calculations a court must make to apply Rule 403 to a piece of evidence. The probative value and unfair prejudice of the evidence must be assessed somehow and these values must be compared to determine which will advance the search for truth. On the basis of this comparison, the proffered evidence is admitted or rejected.

Evidence of appellant's prior guilty pleas to burglary charges is no doubt highly prejudicial because of its

tendency to portray appellant as "a man of bad character, addicted to crime." *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954). Such prejudice has a tendency to lead one to conclude that appellant must be guilty. Because the three previous guilty pleas are so prejudicial, this Court will review the facts to determine if, without the prior burglary convictions, the State proved the burglary charges against the appellant. If the State's evidence otherwise supports appellant's conviction, then the prior guilty pleas should not have been admitted — for reasons we will discuss later.

Before reviewing the facts, we first analyze the controlling case law on the subject on burglary. In several Arkansas cases prior to 1980, the Supreme Court held that the specific intent with which a person enters a building can be inferred from the circumstances of his illegal presence in the building. In these cases, as in the case at bar, the police arrested the alleged burglar after his illegal entry, but before he could commit a felony or theft inside the building. These cases are *Scates* v. *State,* 244 Ark. 333, 424 S.W.2d 876 (1968); *King* v. *State,* 256 Ark. 778, 510 S.W.2d 876 (1974); *Randle* v. *State,* 257 Ark. 232, 516 S.W.2d 6 (1974); and *Grays* v. *State,* 264 Ark. 564, 572 S.W.2d 847 (1978). Thus, given appellant's illegal presence in the Southern Farmers' building, and the permissible inferences allowed under the foregoing decisions, the State appears to have had a strong case on the intent issue, *i.e.,* appellant entered the building with the intent to commit an offense punishable by imprisonment.

However, in 1980, the Arkansas Supreme Court decided *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980), and in doing so, the Court distinguished its earlier case of *Grays* v. *State, supra,* explaining that an accused's mere illegal presence was insufficient to show his intent to commit a burglary. The Court said:

> [A] specific criminal intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of illegal entry of an occupiable structure. The prosecution must prove each and every element of the offense of burglary beyond a reasonable doubt and cannot shift to the defendant the burden of

explaining his illegal entry by merely establishing it. Not only is illegal entry an independent element of burglary, but it also constitutes a separate crime punishable as criminal trespass. Ark. Stat. Ann. § 41-2004 (Repl. 1977). By implying a specific criminal intent from mere evidence of illegal entry, the state not only evades its constitutional evidentiary burden in criminal prosecutions but imposes upon a defendant the responsibility to prove he only committed a criminal trespass or stand in jeopardy of a conviction of burglary.

*Id.* at 453-54, 609 S.W.2d at 3. In *Norton,* the defendant had done nothing more than illegally enter a building. There was *no* evidence that the accused had taken anything.

*Norton* gives some indication of the constitutionally permissible manner in which the State can prove the specific intent for burglary. The Supreme Court in *Norton* distinguished *Grays* by observing that there the defendant had fled from the police. The Court held the flight of the accused is evidence of felonious intent. In *Johnson v. State,* 7 Ark. App. 172, 646 S.W.2d 22 (1983), this Court distinguished *Norton* by noting that there was evidence from which a jury could infer the defendant's theft of a purse after he had illegally entered an apartment. From the inferred fact of the defendant's theft, this Court held that a jury could infer his specific intent in entering the apartment.

In the case at bar, there are facts other than the defendant's illegal entry which establish his specific intent. In this case, as in *Johnson,* the defendant stole something after making an illegal entry. As we previously noted, appellant gained entry into the building through a broken window at 5:30 A.M. Once inside the building, appellant Golden rifled a secretary's desk and removed some Band-Aids. Golden's appropriation of the Band-Aids is a violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977) — theft of property. This exercise of unauthorized control over the property of another is direct evidence of his intent to commit an offense punishable by imprisonment inside the building. *See Johnson, supra.* Theft of property is at the least a Class A

misdemeanor, which is punishable by imprisonment. *See* Ark. Stat. Ann. § 41-901(2)(a) (Supp. 1983). In sum, without the prior burglary convictions, the State's evidence established the appellant committed a burglary under either the holding in *Grays* or in *Norton*.

With the availability to the State of other means of proving appellant Golden's specific intent and in the highly prejudicial nature of the three prior guilty pleas, the convictions should not have been admitted. In terms of Uniform Rule of Evidence 403, the "probative value" of the three prior guilty pleas was "substantially outweighed by the danger of unfair prejudice." Given the similarity of the three pleas to the charge appellant Golden faced, their prejudicial effect was obvious.

The probative value of evidence is not usually as glaring as its prejudicial effect. No Arkansas case authority explains how to assess probative value. However, highly persuasive federal authorities indicate the probative value of evidence correlates inversely to the availability of other means of proving the issue for which the prejudicial evidence is offered. *See* Advisory Committee's Notes to Fed. R. Evid. 403 and Fed. R. Evid. 404(b); and M. Graham, *Handbook of Federal Evidence*, § 404.5, at 213 (1981). This means of determining probative value was clearly expressed by the United States Fifth Circuit Court of Appeals in *United States* v. *Beechum*, 582 F.2d 898, 914 (5th Cir. 1978):

> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice. Dolan, *Rule 403: The Prejudice Rule in Evidence*, 49 S.Cal.L.Rev. 220, 234-35 & n.52 (1976); *see United States* v. *Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978). Thus, if the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily.

*Id.* at 914. *See also, United States* v. *Dolliole,* 597 F.2d 102, 106 (7th Cir. 1979).

As these authorities indicate, the probative value of appellant Golden's previous guilty pleas regarding his specific intent depends on the strength of the State's case on intent without evidence of the prior convictions. As the above analysis has shown, the State had direct as well as circumstantial evidence from which the jury could have inferred appellant intended to commit theft. Therefore, we reverse and remand this case for a new trial.

Reversed and remanded.

MAYFIELD, C.J., and CRACRAFT, J., agree.