Humberto JIMENEZ *v.* STATE of Arkansas

CA CR 84-87                                    675 S.W.2d 853

Court of Appeals of Arkansas
Division I
Opinion delivered October 3, 1984

*John W. Settle,* by: *J. Fred Hart, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

Tom Glaze, Judge. On the night of October 10, 1983, appellant broke into the home of Bill Payno in Fort Smith and was arrested shortly after entering the house. At trial, appellant submitted that he purposely entered Mr. Payno's house, looking for a place to sleep. Appellant was convicted in a non-jury trial of burglary, a violation of Ark. Stat. Ann. § 41-2002 (Repl. 1977). The trial court sentenced appellant to five years' imprisonment, with three and one-half years suspended. Appellant presents one issue on appeal: Was there sufficient evidence from which the trial court could find that appellant entered Mr. Payno's house with "the purpose of committing therein any offense punishable by imprisonment," as required by statute?

At trial, the State offered the testimonies of Mr. Payno, the homeowner, and the police officer who arrested appellant, to prove the requisite element of intent. The arresting officer testified that on the evening of October 10, he was called to investigate a possible break-in at the Payno home. Upon his arrival, the officer found a window in the back door of the house that had been broken. After entering the house, the officer found appellant sitting in a corner of what appeared to be the living room. Mr. Payno testified that after hearing of the break-in into his home, he went there to determine if anything was missing. Because he had moved out of the house one week earlier, the house was almost empty. However, Mr. Payno did find that some dishes, glasses and silverware had been wrapped in towels and placed in a large pail. He also discovered that someone had torn some curtains off the living room wall and had used them to wrap up a staple gun and some other items, as if to carry them away. Mr. Payno stated that none of these items were as he had left them in the house that afternoon. Mr. Payno conceded that his sister had been assisting him daily to clean and pick up items in the house; however, he stated that he was aware of everything she did and he did not believe it was possible she might have wrapped up these dishes.

To rebut the State's circumstantial evidence of his intent, appellant testified that, previous to his arrest, he had been living with a friend, Louis Martinez, in Martinez'

apartment. Because appellant never paid rent to Martinez, he evicted appellant late on the evening of October 10. After being turned out into the street by his friend, appellant broke into the Payno home, which was across the street from Martinez' apartment. Appellant stated that he broke into the house only to find a place to sleep that night and that he knew the house was vacant because he had seen Payno move out. About the dishes and the torn curtains, appellant said that he knew nothing. He denied having any intention to steal anything from inside of the Payno home. According to appellant, he was asleep when the police entered the home.

On appeal, we must affirm appellant's conviction if there is substantial evidence to support the trial court's finding of fact. *Holloway* v. *State,* 11 Ark. App. 69, 666 S.W.2d 410 (1984). Substantial evidence is evidence that is of sufficient force and character that it will compel a reasonable mind to reach a conclusion one way or the other, but it must force the mind to pass beyond suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). In evaluating the substantiality of the evidence, we must view it in the light most favorable to the State. *Profit* v. *State,* 6 Ark. App. 51, 637 S.W.2d 620 (1982). Appellant does not argue on appeal that the Payno house was not an occupiable structure or that he lawfully entered the home. His sole contention is that the State did not present substantial evidence that he entered the home with the requisite intent.

Appellant's argument rests primarily upon *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980), and its progeny. In *Norton,* the State proved that the appellant there illegally entered an office building; there was no proof that Norton had taken, or even touched, any property inside the building. In reversing Norton's conviction, the Supreme Court held:

> We hold a specific criminal intent, which is an essential element of the crime of burglary, cannot be presumed from a mere showing of illegal entry of an occupiable structure. The prosecution must prove each and every element of the offense of burglary beyond a reasonable

doubt and cannot shift to the defendant the burden of explaining his illegal entry by merely establishing it.

*Id.* at 454, 609 S.W.2d at 3.

We followed *Norton* in the subsequent case of *Wortham v. State,* 5 Ark. App. 161, 634 S.W.2d 141 (1982). In this case, the State proved that appellant entered a house and confronted two teen-aged girls with whom he was acquainted and that he fled after one of the girls saw him. There was no proof that appellant was armed, that he made an improper approach toward the girls, or that any property was missing from the home or had even been touched by Wortham. In that decision, we reversed Wortham's conviction because the State did not produce any evidence to show appellant's purpose for being in the home. Without such proof, the jury in that case was forced to guess regarding Wortham's intent in entering the house.

Both *Norton* and *Wortham* are distinguishable from the case at bar. In both of these cases, the State proved only that appellant was "merely present;" in this case, the State proved "presence" plus other facts and circumstances from which the trial court could infer that appellant had the requisite intent. These facts and circumstances are, of course, the items that had been gathered up, as if to be carried off, and the homeowner's testimony that neither he nor his sister had moved these things. The fact that the State's evidence bearing on appellant's intent is circumstantial does not render it insubstantial, as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Johnson v. State,* 7 Ark. App. 172, 646 S.W.2d 22 (1983).

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.