Phillip KELLEY *v.* STATE of Arkansas

CA CR 00-1281                                          55 S.W.3d 309

Court of Appeals of Arkansas
Division IV
Opinion delivered September 26, 2001

*Douglas Coppernoll*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. On August 17, 2000, a jury found appellant, Phillip Kelley, guilty of one count of obstructing governmental operations. He was sentenced to two days in the county jail and also received a fine in the amount of $100. It is from this conviction that the appellant brings this appeal.

On the evening of November 29, 1999, Officer Jared Pena of the Springdale Police Department observed an erratically driven van. The officer followed the van for several blocks. The vehicle stopped at a home on 705 Crutcher, Springdale, Arkansas. Officer Pena encountered Mr. Mendoza, the driver of the vehicle. Because he suspected that Mendoza was driving under the influence, Officer Pena began the routine field sobriety testing. Officer Chastain and Sergeant Lewis joined the officer at the scene. Their duties included securing the scene and providing back-up to the responding officer.

Appellant, Phillip Kelley, emerged from the home. Causing quite a disruption, appellant approached the driveway where the field sobriety tests were being administered. Sergeant Lewis detained appellant and requested his identification. Shortly after giving the officers his license, Kelley, shouting many profanities, demanded his license be returned at once.

Determining that appellant smelled of alcohol, Sergeant Lewis attempted to administer sobriety tests on him. Appellant refused to cooperate and attempted to flee inside of the home. He was subsequently arrested. On appeal, appellant argues that the trial court erred in denying his motion for directed verdict. We affirm.

▇ Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Rutledge v. State*, 345 Ark. 243, 45 S.W.3d 825 (2001); *see also Branscum v. State*, 345 Ark. 21, 43 S.W.3d

148 (2001). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in light most favorable to the State. *Id*. Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture and is sufficient to compel a conclusion one way or the other. *Ethyl Corp. v. Johnson*, 345 Ark. 476, 49 S.W.3d 644 (2001). It is not the appellate court's place to try issues of fact; rather, the court simply reviews the record for substantial evidence to support the jury's verdict. *Ethyl Corp., supra.* If there is substantial evidence supporting the conviction, it must be affirmed on appeal. *Ward v. State*, 64 Ark. App. 120, 981 S.W.2d 96 (1998).

Appellant was charged with obstruction of government operations. A person commits the offense of obstructing governmental operations when he "knowingly obstructs, impairs, or hinders the performance of any governmental function." Ark. Code Ann.§ 5-54-102(a)(1) (Repl. 1997). Arkansas Code Annotated section 5-2-202(2) (Repl. 1997) provides:

> A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

Unless there is use of force or a threat to use force, obstructing governmental operations is a Class C misdemeanor. Ark. Code Ann. § 5-54-102(b) (Repl. 1997). A government function means any activity which a public servant is legally authorized to undertake on behalf of any governmental unit he serves. Ark. Code Ann. § 5-54-101(4) (Repl. 1997).

██ A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime; therefore, circumstantial evidence of a culpable mental state may constitute substantial evidence to sustain a guilty verdict. *Stegall v. State*, 340 Ark. 184, 8 S.W.3d 538 (2000). Additionally, it is the responsibility of the trier of fact to determine the credibility of witnesses. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791(2001).

Appellant contends that the trial judge erred in denying his directed-verdict motion on the charge of obstructing governmental operations when the arresting officer testified he was on the scene

to provide backup, and dealing with appellant's conduct was the very thing that a backup officer is on the scene to provide. Officers Pena and Lewis both testified that the actions of the appellant hindered Pena's ability to administer field sobriety tests on Mr. Mendoza. Appellant's actions also interfered with Officer Lewis's ability to provide security for Officer Pena. Officer Lewis was on the job to provide backup for Officer Pena, and it was his job as an officer to ensure the protection of his fellow officer. It was established that once Kelley exited the house, Mendoza stopped cooperating with Officer Pena and began shouting profanities.

▉ Based on the testimony at trial and the jury's assessment of the witnesses' credibility, there is sufficient evidence to support appellant Kelley's conviction for obstructing governmental operations. His actions obstructed, impaired, and hindered the officers' ability to perform their governmental functions as law enforcement officers during the investigation of a DWI traffic stop. We therefore affirm.

STROUD, C.J., and GRIFFEN, J., agree.