# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2171

_____

Thomas E. Yoakum,                     *
                                      *
              Appellant,              *
                                      *    Appeal from the United States
        v.                            *    District Court for the
                                      *    Western District of Arkansas.
Brian Lynn, Siloam Springs Police     *
Officer, in his official and individual    *         [UNPUBLISHED]
capacities,                           *
                                      *
              Appellee.               *

_____

Submitted: April 22, 2005
    Filed:   May 6, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Yoakum appeals the district court's[1] adverse grant of summary judgment in his civil rights suit against a Siloam Springs police officer. After careful de novo review, we affirm. See Lincoln Benefit Life Co. v. Edwards, 243 F.3d 457, 461 (8th Cir. 2001) (per curiam); Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (standard of review).

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

We agree with the district court that the undisputed facts establish defendant did not violate Yoakum's constitutional rights, because the officer had probable cause to arrest Yoakum for obstructing governmental operations during an incident in the police station lobby. <u>See</u> Ark Code. Ann. § 5-54-102(a)(1) (Michie Supp. 2003) (elements of obstructing governmental operations); <u>Garionis v. Newton</u>, 827 F.2d 306, 309 (8th Cir. 1987) (probable cause to arrest suspect exists where reasonable officer would believe, based on available facts and circumstances, that suspect was committing or had committed offense); <u>Kelley v. Arkansas</u>, 55 S.W.3d 309, 311-12 (Ark. Ct. App. 2001) (defendant obstructed governmental operations under Arkansas law where officer was conducting field sobriety test of motorist in defendant's driveway, and defendant exited his house, yelled profanities, and refused to take field sobriety test, after which motorist stopped cooperating with officer).

Although some facts are in dispute, they are not material. We also reject, as unsupported and contrary to the district court's opinion, Yoakum's arguments that the court made credibility findings, and that the court made its probable-cause determination based on the conduct of Yoakum's family members. We do not address arguments Yoakum raises for the first time on appeal.

Accordingly, we affirm.

_____