

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-14-851

| | | |
|---|---|---|
| KIRK ALAN CLARK | APPELLANT | **Opinion Delivered** March 4, 2015 |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CR 2014-491-1] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | | REVERSED AND DISMISSED IN PART; REVERSED AND REMANDED IN PART |

## RITA W. GRUBER, Judge

On November 25, 2013, Kirk Alan Clark was arrested for breaking or entering a vehicle in a parking lot at the University of Arkansas in Fayetteville. After setting an initial trial date, the circuit court entered an order granting Clark's motion for a continuance and resetting trial for March 11, 2014. On the morning of March 11, the jury was dismissed and an arrest warrant was issued against Clark for failure to appear. The breaking-or-entering and failure-to-appear charges were subsequently joined for trial. Clark filed a motion to sever offenses, which the circuit court denied. Clark was tried by a jury and was convicted of both offenses. He was sentenced as a habitual offender to 180 months' imprisonment for the breaking-or-entering charge and to 36 months' imprisonment for the failure to appear, the sentences to be served concurrently.

Clark appeals, contending that the circuit court abused its discretion in refusing to

grant his motion to sever the failure-to-appear and breaking-or-entering charges for trial; erred by denying his motions for a directed verdict on each charge; erred in admitting into evidence State's Exhibits Nos. 3 and 4 as relevant to failure to appear; and erred in refusing his proffered jury instruction that State's Exhibits Nos. 3 and 4 should not be considered as proof of guilt of failure to appear. We reverse the denial of the motion to sever and remand for new trial. We reverse and dismiss the conviction for failure to appear, rendering the remaining points moot.

*Denial of Motions for Directed Verdict*

In order to protect Clark's rights against double jeopardy, we consider his sufficiency arguments before addressing alleged trial errors. *Garner v. State*, 355 Ark. 82, 131 S.W.3d 734 (2003). Clark contends that the circuit court erred by denying his motions for a directed verdict on breaking or entering and on failure to appear.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Kelley v. State*, 75 Ark. App. 144, 145, 55 S.W.3d 309, 311 (2001). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture and is sufficient to compel a conclusion one way or the other. *Id.* at 146, 55 S.W.3d at 311. It is not the appellate court's place to try issues of fact; we simply review the record for substantial evidence to support the jury's verdict. *Id.* When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the State and consider only evidence that supports the conviction. *Pruitt v. State*, 2011 Ark. App. 754, at 3.

SLIP OPINION



The State's evidence included testimony by University of Arkansas Police Sgt. Benjamin Velasco and Cpl. Gabriel Golden, testimony by student Brandon McKenzie, and Exhibits Nos. 3 and 4. Sgt. Velasco testified that at lunchtime on November 25, 2013, he was conducting surveillance on campus parking lot No. 56 because of recent lunchtime break-ins to vehicles there; particularly, someone would reach in to unlock "Jeep type vehicles with soft tops" after their tops were cut. He observed Clark get off a bus, walk "straight for a [student's] Jeep," open its unlocked door, lean into the Jeep, and begin going through the console and glove box. Clark had on his person two dingy and battered cell phones and a knife that, according to Sergeant Velasco, "looked like a little meat cleaver . . . the type you could use to cut tops off vehicles." Cpl. Gabriel Golden, who had received a call to come to the parking lot, testified that Clark had a fixed-blade knife. At the scene, Clark stated to Sergeant Velasco that "a guy named Bill" had told Clark to get Bill's phone out of the car. The Jeep's owner, Brandon McKenzie, testified at trial that after campus police phoned him at lunchtime on November 25 to identify property, he saw that his Jeep Wrangler "had been rifled through." He testified that he did not keep his cell phone in his vehicle, that nothing was missing, that he had not given anyone permission to be in his car, and that he did not know Clark.

State's Exhibit No. 3, a certified copy of an order for issuance of an arrest warrant for failure to appear, included the circuit court's finding that Clark "failed to . . . appear before the Court as directed" on March 11, 2014. State's Exhibit No. 4—the March 11, 2014 transcript of proceedings in the breaking-or-entering case—states that Clark failed to appear

and that the jury was dismissed.

Clark argues that the State offered no proof of the purposeful mental state our law requires to establish breaking or entering. *See* Ark. Code Ann. § 5-39-202 (a)(1) (Repl. 2013) (stating that a person commits the offense of breaking or entering "if for the purpose of committing a theft or felony he or she breaks or enters into any . . . vehicle"). Clark relies on his own testimony that an individual named Bill asked him to retrieve a cell phone from the vehicle.

Intent can rarely be proved by direct evidence, but may be inferred from the circumstances of the crime, and jurors may draw upon common knowledge and experience to infer intent. *Pruitt*, 2011 Ark. App. 754, at 4. A jury is permitted to consider and to give weight to any false and improbable statements made by an accused in explaining suspicious circumstances; furthermore, it is the responsibility of the jury to weigh the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence. *Id.*

Viewed in the light most favorable to the State, the evidence reveals that Clark opened the unlocked door of a Jeep, which did not belong to the person whose phone he claimed he was retrieving, and rummaged through its contents. Several months later, he did not appear for his breaking-or-entering trial at 8:30 a.m. This evidence, along with the inference that can be drawn from the recent pattern of break-ins of similar vehicles in the same parking lot, constitutes substantial evidence that Clark entered the Jeep with the purpose of committing a theft. Clark's account regarding his purpose and the Jeep's ownership is of no consequence, as the credibility of testimony was a matter left to the jury. Thus, substantial evidence



supports the conviction for breaking or entering.

Clark also contends that there was not substantial evidence to support his conviction for failure to appear. Under Arkansas Code Annotated section 5-54-120(a)(2) (Supp. 2013),

> A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been:
>
> (1) Cited or summonsed as an accused; or
>
> (2) Lawfully set at liberty upon condition that he or she appear at a specified time, place, and court.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005).

Clark argues that insufficient evidence supports his conviction for failure to appear because the State did not establish that he knew he had to report for trial at 8:30 a.m. and because his testimony established a reasonable excuse for his tardiness. Regarding notice of the time for his trial, he points out that the order resetting the case merely gave a date without a time. Regarding a reasonable excuse for his tardiness, he relies on his own testimony and that of defense witness Cpl. Doc Fyte, who was working in courthouse security on March 11, 2014. Corporal Fyte testified that he encountered Clark on the elevator around 9:05 a.m. on March 11; that Clark was hurrying to get to court and told Fyte that he (Clark) was late; that, on his way, Clark told his sister to alert people at court that he was running late; and that Fyte made sure Clark got to the court door. Clark testified to the same events. He added that he had thought trial was at 9:00 a.m.; he drove to the nearby town of Winslow at 5:00 a.m. to



shower at a friend's house because he (Clark) had no water; his truck became stuck in the snow; and he phoned his sister, who was already at court.

We agree with Clark that there was insufficient evidence to show that he knew trial was set for 8:30 a.m. The State relied on State's Exhibits No. 3, a certified copy of an order for issuance of an arrest warrant for failure to appear, and No. 4, a transcript of proceedings in the breaking-or-entering case on March 11, 2004. Exhibit 3 reads in relevant part:

> From the statements of the Prosecuting Attorney, a review of the records applicable to this case, and the applicable law, the Court finds that:
>
> 1. The Defendant had been directed to appear before the Court on this date at <u>8:30</u> o'clock <u>a</u>.m., but failed to respond or appear before the Court as directed . . . .

The transcript, Exhibit No. 4, reflects that Clark "was called three times and has failed to appear" and that the jury was dismissed at 9:00 a.m. The State presented no further proof that Clark was informed that the time of his trial was 8:30 a.m.; indeed, the order granting a continuance and setting trial for March 11, 2014, is conspicuously void of a specified time.

On this record, we are unable to find substantial evidence that Clark was informed of the specific time of his trial; we therefore need not address his arguments that he had a reasonable excuse for his tardiness. We hold that the evidence was insufficient to sustain his conviction for failure to appear. The conviction is reversed.

*Motion to Sever*

Clark contends that the circuit court abused its discretion by denying his motion to be tried separately for breaking or entering and for failure to appear. The circuit court orally announced its reason for denying the motion for severance: "Mr. Clark failed to appear for

trial back when this case was set for trial.  My view is *his failure to appear is some evidence of consciousness of guilt*. . . .  I don't feel as though the prejudicial effect of that evidence outweighs the probative value."  (Emphasis added.)  We agree with Mr. Clark that this was not a permissible reason for joinder of the two offenses and that the trial court abused its discretion in denying his motion to sever.

Offenses "may be joined" in one indictment when they "are of the same or similar character, even if not part of a single scheme or plan; or . . . are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."  Ark. R. Crim. P. 21.1 (2014).  As for severance of offenses,

> (a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

> (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), shall grant a severance of offenses:

> > (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense . . . .

Ark. R. Crim. P. 22.2 (2014).

Whether to grant a severance is "to be determined by the trial court on a case-by-case basis in the light of all the attendant circumstances."  *Williams v. State*, 304 Ark. 279, 283, 801 S.W.2d 296, 298 (1990).  Whether to grant or deny a motion for severance of offenses lies within the circuit court's discretion, a decision that the appellate court will not reverse absent an abuse of discretion.  *Turner v. State*, 2011 Ark. 111, 380 S.W.3d 400.

Clark argues that severance was warranted under Rule 22.2 because the offenses of

breaking or entering and the failure to appear for trial—which occurred months apart and involved different witnesses—were not part of a single scheme or plan, and because a fair determination of guilt could not be had with joinder. He also argues that forcing him to try the cases together was more prejudicial than probative and should have been excluded under Ark. R. Evid. 403. Finally, noting his pretrial intention to testify only on the failure-to-appear charge, he argues that taking the stand forced him to be a witness against himself on the breaking-or-entering charge—violating his constitutional right not to do so.

The State rejects Clark's arguments. It additionally asserts that, just as evidence of failure to appear was admissible to prove consciousness of guilt of breaking or entering, so was evidence of breaking or entering admissible to prove that his failure to appear was proof of "a pending charge or disposition of a felony charge either before or after a determination of guilt of the charge." *See* Ark. Code Ann. § 5-54-120(b)(1) (Supp. 2013). It also asserts that the public interest in avoiding duplicitous proceedings weighed heavily in this case, where an empaneled jury had previously been dismissed to try Clark for breaking or entering because he failed to appear on that date. *See Clay v. State*, 318 Ark. 550, 555, 886 S.W.2d 608, 611 (1994) (noting the public's interest in avoiding duplicitous, time-consuming trials in which the same factual and legal issues are litigated).

We have long recognized that evidence of other crimes or acts may be admissible as proof of conduct designed to obstruct justice or avoid punishment for a crime, or as circumstantial evidence of consciousness of guilt and guilt itself. *Hunt v. State*, 2015 Ark. App. 53, at 2 (citations omitted). In the present case, however, the trial court improperly denied

SLIP OPINION

Clark's motion to sever offenses simply upon finding that his failure to appear was "evidence of consciousness of his guilt." This was not a permissible basis for refusing the severance of offenses under Arkansas Rule of Criminal Procedure 22.2, and it improperly prevented a fair determination of guilt on the individual offenses.

We hold that the circuit court abused its discretion by denying Clark's motion to sever the offenses for trial. Based upon this holding, the conviction for breaking or entering is reversed and remanded to the trial court for further proceedings. Because the conviction for failure to appear is reversed and dismissed, as discussed earlier in our opinion, double jeopardy prevents remand on that offense.

*Admission of Exhibits into Evidence and Clark's Proffered Jury Instruction*

Clark contends that the circuit court abused its discretion by admitting State's Exhibit 3, the order for issuance of an arrest warrant for failure to appear, and State's Exhibit No. 4, the record of the proceedings on March 11, 2014. He also contends that the circuit court erred by refusing to submit his proffered nonmodel jury instruction limiting the exhibits:

> A transcript and order of a previous court setting has been introduced by the State as State's Exhibits 3 and 4. The transcript has words from the Court saying "he has failed to appear." These exhibits may not be considered as proof of defendant['s] guilt of the charge of failure to appear.

We have reversed Clark's conviction for failure to appear because there was not substantial evidence to support the conviction. Therefore, the admission of these two exhibits and the proffered jury instruction regarding them are moot issues that need not be addressed.

Reversed and dismissed in part; reversed and remanded in part.

VIRDEN and GLOVER, JJ., agree.

*Charlene Davidson Henry*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Heil*, Ass't Att'y Gen., for appellee.