Cite as 2023 Ark. App. 387

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-23-29

| | | |
|---|---|---|
| DAMION NORWOOD | | **Opinion Delivered** September 13, 2023 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-21-157] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Damion Norwood was found guilty by a Hot Spring County jury of possession of a firearm by certain persons, a Class B felony, in violation of Arkansas Code Annotated § 5-73-103.[1] In an order filed on July 7, 2022, Norwood was sentenced to a term of fifteen years' incarceration in the Arkansas Department of Correction and fined $15,000. On appeal, Norwood argues that the circuit court erred in denying his directed-verdict motion because the State failed to prove he possessed the firearm discovered in a jointly occupied residence. We affirm.

On May 12, 2021, the Malvern Police Department, assisting with a probation and parole home visit, searched Norwood's residence. During the search, officers found a loaded Kimber 9mm handgun, ammunition, methamphetamine, marijuana, THC wax and vape cartridge, clonazepam pills, digital scales, syringes, and a glass smoking pipe. On June 10, Norwood was charged with

---

[1](Supp. 2023).

possession of a controlled substance, methamphetamine, with purpose to deliver and possession of a firearm by certain persons. The State additionally sought to enhance Norwood's sentence under the habitual-offender statute. The possession-of-a-firearm-by-certain-persons charge proceeded to trial on June 30, 2022, following the severance of the charge of possession of a controlled substance.

Detective David Ridings testified that the firearm was discovered in the back northwest bedroom, on a shelf, in plain view. He further stated that the bedroom in which the handgun was found appeared to be an adult bedroom and although there are other rooms in the house, there were no other bedrooms in the residence that appeared to be occupied by an adult. Ridings further testified that the door was open to the bedroom in which the loaded gun was found in plain view. Norwood was the only occupant present in the home at the time of the search.

Norwood's girlfriend, Julie Turner, testified that she and Norwood were the only people residing in the home. Turner stated that the back bedroom where the gun was found was her bedroom. She testified that Norwood slept in the front bedroom, although they had a long-term, on and off relationship for fifteen years, share a child together, and were trying to "work things out." Turner stated that the firearm belonged to her, and that she kept the door to the bedroom shut.

Norwood moved for a directed verdict at the close of the State's case. He argued there was insufficient evidence that he owned, possessed, or exercised control or management over the firearm found inside the jointly occupied residence. The circuit court denied the motion. Norwood renewed his directed-verdict motion at the close of all evidence, which was again denied. Norwood was convicted of possession of a firearm by certain persons and sentenced to fifteen years in prison. He now appeals.

On appeal, Norwood challenges the sufficiency of the evidence supporting his conviction. He specifically argues that the circuit court erred in denying his motion for directed verdict because the evidence was insufficient to establish that he possessed the firearm discovered in the home he shared with another person.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence.[2] When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict.[3] We will affirm a judgment of conviction if substantial evidence exists to support it.[4] Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.[5] We defer to the jury's determination on the matter of witness credibility.[6] Jurors do not and need not view each fact in isolation; rather they may consider the evidence as a whole.[7] The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can be from direct evidence.[8] The jury may resolve questions of conflicting testimony and inconsistent evidence and

---

[2]*Kelley v. State*, 103 Ark. App. 110, 286 S.W.3d 746 (2008).

[3]*Id.*

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

may choose to believe the State's account of the facts rather than the defendant's.[9] We need consider only that testimony which supports the guilty verdict.[10] Circumstantial evidence may provide the basis for a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the crime.[11]

A person commits the offense of possession of a firearm by certain persons if the person has been convicted of a felony and possesses or owns a firearm.[12] Norwood stipulated to his prior felony conviction, and only challenges the proof supporting the finding that he possessed the handgun found in his home.

The offense of which Norwood was convicted, possession of a firearm by certain persons, requires a showing that the defendant "possessed" the firearm. It is not necessary that the State prove actual possession of the firearm, and a defendant's constructive possession will suffice.[13] A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm.[14] Constructive possession may be inferred when the firearm is found in a place immediately and exclusively accessible to the accused and subject to his or her control.[15]

---

[9]*Dunn v. State*, 371 Ark. 140, 264 S.W.3d 504 (2007).

[10]*Holcomb v. State*, 2014 Ark. 141, 432 S.W.3d 600.

[11]*Robinson v. State*, 2016 Ark. App. 240, 491 S.W.3d 481.

[12]Ark Code Ann. § 5-73-103(a)(1).

[13]*Taylor v. State*, 2022 Ark. App. 464, 655 S.W.3d 330.

[14]*White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193.

[15]*Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880.

There must be additional factors present to link the accused to the contraband in cases involving joint occupancy.[16] Those additional linking factors include (1) that the accused exercised care, control, or management over the contraband, and (2) that the accused knew that the matter possessed was contraband.[17] Control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that the contraband is in plain view, and the ownership of the property where the contraband is found.[18]

Norwood argues that although there was evidence that he lived in the home where the firearm was found, another person lived in the residence as well. He argues there was no testimony sufficient to prove that he exercised care, control, or management over the firearm. We disagree. Here, the firearm was found on a shelf in the back bedroom, in plain view. The door to the bedroom was open, and Norwood was the only occupant in the house when the firearm was discovered. Moreover, the jury was free to reject Turner's testimony that the gun belonged to her and that she and Norwood, her on and off boyfriend of fifteen years, did not share the bedroom in which the firearm was found. Viewing the evidence in the light most favorable to the verdict, we hold there is substantial evidence that Norwood constructively possessed the firearm discovered in his residence.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Gregory Crain*, for appellant.

---

[16]*Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785.

[17]*Id.*

[18]*Id.*

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.