Cite as 2024 Ark. App. 31

# ARKANSAS COURT OF APPEALS

DIVISIONS I & II
No. CR-22-614

| | | |
|---|---|---|
| ROY MOORE | | |
| | APPELLANT | Opinion Delivered January 17, 2024 |
| V. | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-21-560] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Roy Moore appeals the decision of a Lonoke County Circuit Court jury finding him guilty of breaking or entering and sentencing him to a term of fifteen years in the Arkansas Division of Correction. He makes two arguments on appeal: he challenges the sufficiency of the evidence and the court's decision not to instruct the jury on the lesser-included offense of criminal trespass. We affirm.

On October 20, 2021, the State filed a three-count felony criminal information against Roy. Count I charged him with residential burglary of a home near Ward, Arkansas, on August 12, 2021. Count II charged him with theft of items from the home. The items included spare keys for vehicles parked on a driveway outside the home. Count III charged him with breaking or entering into a red 2004 Hyundai Santa Fe on August 25. The vehicle

was parked on a driveway beside the home. Before trial, the State filed an amended information charging only breaking or entering in violation of Arkansas Code Annotated section 5-39-202(a)(1) (Repl. 2013).

Accordingly, Roy filed a motion in limine concerning the extent the State could refer to the August 12 burglary as the source of the spare keys to the Hyundai. The motion asserted that a home-security video from August 25 depicted Roy exiting the Hyundai with no keys in sight. Roy argued that he would be prejudiced if the court permitted testimony and other evidence about the August 12 burglary because it would unfairly raise suspicion that he was involved. The trial court held that the State could present evidence that the vehicle's spare keys were missing, but the State could not mention the August 12 burglary.

Testimony at trial established that Colin Payne owned the Hyundai that was parked outside his home. He testified that he had noticed that the spare sets of keys to both the Hyundai and to a truck he parked beside it were missing. In response, he installed a home-security-camera system and removed the batteries from the two parked, locked vehicles. He testified it was cheaper for him to do that than to rekey the vehicles. On August 25, while at work, Colin received alerts to his cell phone from the security system, and upon looking at his phone, he saw Roy on his property exiting the Hyundai. Colin recognized Roy because he had relatives in the area; Roy's mother lived down the road from Colin, and he had seen Roy walking down the road before.

Upon seeing the security footage on his phone, Colin called the sheriff's office and his brother Darryl Payne, who was cutting hay in a field just one-eighth of a mile from Colin's

2

house. He asked his brother to go to the house to find out what was happening. Darryl immediately drove his tractor out of the field and down the road toward his brother's house. He crossed paths with Roy on the way. Roy was driving his own car quickly from the direction of Colin's house, and he sped through a stop sign. Darryl testified he noticed Roy was wearing the same shirt and hat that he later saw him wearing in the security videos.

Roy was arrested six days after the incident was reported. His car was impounded and searched, and the car keys to the Hyundai were not found in the vehicle.

The security-system videos were downloaded onto thumb drives and were played for the jury. The videos depict Roy walking up Colin's driveway toward the vehicles, exiting the Hyundai, and walking back down across the grass. The videos do not show images of Roy entering the vehicle nor do they show the keys to the vehicle. Additionally, it is apparent that there was a nontransparent sunscreen or windshield screen on the inside of the Hyundai's windshield. Colin testified it was to prevent the dashboard from cracking due to sun damage. Notably, according to Colin, the sunscreen on the driver's side had been removed.

After the State rested, Roy moved for a directed verdict, arguing that there had not been any evidence of purpose presented. The court denied the motion. Roy then requested that the court instruct the jury on criminal trespass as a lesser-included offense of breaking or entering, which the court also denied. Roy presented no evidence, rested, and renewed all his motions. The jury found him guilty of breaking or entering, and the case proceeded to the sentencing phase. The State introduced into evidence twenty-nine prior felony

convictions as Roy's criminal history, which qualified him as a habitual offender. He received the maximum prison sentence of fifteen years. He now appeals.

Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Clark v. State*, 2015 Ark. App. 142, at 2, 457 S.W.3d 305, 307. Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture and is sufficient to compel a conclusion one way or the other. *Id.* It is not the appellate court's place to try issues of fact; we simply review the record for substantial evidence to support the jury's verdict. *Id.* When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the State and consider only evidence that supports the conviction. *Id.*

Arkansas Code Annotated section 5-39-202(a)(1) provides that a person commits the offense of breaking or entering "if for the purpose of committing a theft or felony he or she breaks or enters into any . . . 'vehicle.'" On appeal, Roy argues that the State offered no proof of a purposeful mental state.

Criminal intent or purpose can seldom be proved by direct evidence and must usually be inferred from the circumstances. *Davis v. State*, 2015 Ark. App. 234, at 2, 459 S.W.3d 821, 822. Circumstantial evidence may constitute substantial evidence to support a conviction, and the question of whether the circumstantial evidence excludes every reasonable hypothesis consistent with innocence is for the fact-finder to decide. *Id.* It is only every other reasonable hypothesis, not every hypothesis, that must be excluded by the

evidence. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). The finder of fact need not lay aside its common sense in determining criminal intent. *Davis, supra.*

Viewed in the light most favorable to the State, the evidence reveals that Roy walked up to and entered a car that was not his—without permission from the owner—that the owner testified he had locked. The evidence further establishes that there was no forced entry, the car's spare keys had recently gone missing, and the sunshade was removed from the driver's side.

A reasonable inference can be drawn that Roy used the missing keys to enter the locked car that was not his and removed the sunshade in preparing to drive off in the Hyundai. The jury is allowed to use its common sense to infer that the vehicle would not start because the battery had been removed. Darryl's testimony that he saw Roy drive quickly away and run a stop sign near the scene further bolsters that inference. *See Ashley v. State*, 22 Ark. App. 73, 732 S.W.2d 872 (1987) (holding that the action of fleeing from the scene of the crime is relevant to the issue of guilt).

Roy compares his case to *Norton v. State*, 271 Ark. 451, 609 S.W.2d 1 (1980). In *Norton,* the accused was seen coming out the front door of an office building that had been securely locked for the night. Entry had been gained by breaking out a window. The owner testified that although the appellant's entry had been unlawful, nothing was taken from the

office. The appellant was convicted of burglary.[1] The supreme court reversed the conviction, however, observing that the State proved only that the appellant was seen standing inside the doorway of an office that he had illegally entered. The court stated that the burden was on the State to prove each essential element of the crime of burglary and that a specific criminal intent cannot be presumed from a mere showing of illegal entry into an occupiable structure.

*Norton* is distinguishable. In cases that distinguish *Norton*, the State has proved "presence" plus other facts and circumstances from which the trial court could infer that appellant had the requisite intent. *See, e.g.*, *Jimenez v. State*, 12 Ark. App. 315, 318, 675 S.W.2d 853, 855 (1984).

Here, the State presented sufficient evidence of intent and not merely that Roy broke into the vehicle. With the removal of the sunshade, the jury could reasonably infer that Roy was preparing to steal the car. This, coupled with Colin's testimony that all the doors of the car were locked and that the car would not have started because he removed the battery supports the verdict. Additionally, Darryl's testimony that he saw Roy drive through a stop sign near the scene of the incident constitutes circumstantial evidence from which the jury could conclude that Roy entered the vehicle with the intent of committing a theft. Further,

---

[1]Both the offense of burglary and breaking or entering require a similar purposeful intent. Burglary requires the intent to commit an offense punishable by imprisonment, and breaking or entering requires an intent to commit theft or a felony. *See* Arkansas Code Annotated sections 5-39-201 & -204.

given the lack of tools or evidence that the car had been ransacked, one can infer that Roy's focus was on stealing the car itself.

Overall, presented with this evidence, the jury did not have to resort to speculation and conjecture to conclude that Roy intended to steal the Hyundai. While we might conjure up hypotheticals to offer alternate, innocent theories, it is the responsibility of the jury to weigh the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence. *Pruitt v. State*, 2011 Ark. App. 754.

Roy next argues that the court abused its discretion by refusing to include a jury instruction for the lesser-included offense of criminal trespass. However, Roy did not proffer the jury instruction he proposed to the circuit court, and the record does not contain the proposed instruction; therefore, we cannot address his argument on appeal. *See Gray v. State*, 2018 Ark. App. 544, at 4–5, 564 S.W.3d 289, 291.

Affirmed.

VIRDEN, GRUBER, and BROWN, JJ., agree.

GLADWIN and THYER, JJ., dissent.

**ROBERT J. GLADWIN, Judge, dissenting**. The difference between speculation and conjecture and a reasonable inference when weighing circumstantial evidence is the question presented in this case. While I agree with the majority that Roy did not preserve his objection to the circuit court's refusal to give the jury instruction for the lesser-included offense of criminal trespass, I must respectfully dissent to affirming on the sufficiency-of-the-evidence question.

The majority opinion adequately sets out the scant evidence presented at trial and the proper standard of review. The evidence presented shows that Roy entered a car without permission, moved a sunshade, and then exited the vehicle. A finding beyond a reasonable doubt, on these facts, that Roy committed the offense of breaking and entering, in my mind, is based on speculation and conjecture.

Arkansas Code Annotated section 5-39-202(a)(1) (Repl. 2013) provides that a person commits the offense of breaking or entering "if for the purpose of committing a theft or felony he or she breaks or enters into any . . . vehicle." On the evidence presented, the jury was left to speculate as to Roy's purpose for entering the vehicle. The majority opinion emphasizes that the missing keys are an inference of purpose of committing a theft. It is conjecture that Roy even possessed the keys. The keys were never found in or around the car or in Roy's possession, yet the majority holds that this is evidence that a theft or felony was going to occur. Further, Roy's moving the sunshade is not indicative of a theft or felony. There is no evidence that Roy rummaged through the vehicle or attempted to start it.

The majority attempts to distinguish *Norton v. State*, 271 Ark. 451, 609 S.W.2d 1 (1980), without explaining the difference between that case and this case. I submit that *Norton* is on point. In both cases, the evidence indicates that the defendant was in a place he was not authorized to be, yet no property was taken in either case. The only distinguishing fact between the two cases is that in *Norton*, there was a forced entry, while in the present case, there was no evidence of forced entry. As the Arkansas Supreme Court held in *Norton*,

specific criminal intent cannot be presumed from the mere showing of illegal entry into an occupiable structure. The same should hold true for the illegal entry of a vehicle.

The majority also claims that a witness's testimony that he saw Roy "driving through" a stop sign is evidence that Roy had an intent to commit a felony or theft. This analysis is misplaced. The witness testified that he saw Roy exiting one road "quickly" and turning right without stopping at the four-way stop sign. It is well settled that the flight of an accused *to avoid arrest* is evidence of his felonious intent. *See Atkins v. State*, 63 Ark. App. 203, 206, 979 S.W.2d 903, 905 (1998) (considering fleeing in conjunction with other evidence when the accused immediately ran and attempted to evade capture upon being discovered at the crime scene). Here, there is no evidence that Roy was fleeing to avoid arrest.

Finally, even if one takes the majority's entire premise as fact, it still does not support a conviction on the charge of breaking or entering. Assuming that Roy did have the keys, started the vehicle, and knowingly operated or exercised control of the vehicle without the owner's consent, that would be a violation of Arkansas Code Annotated section 5-36-108, the unauthorized use of a vehicle—a Class A misdemeanor.

Because the evidence presented fails to prove beyond a reasonable doubt that Roy intended to commit a theft or other felony, I submit his conviction is based on speculation and conjecture rather than a reasonable inference. Accordingly, I must dissent.

THYER, J., joins.

*Omar F. Greene*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.