Cite as 2024 Ark. App. 101

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-449

| | |
|---|---|
| DANIEL ROBERT MCMAHEN | **Opinion Delivered** February 14, 2024 |
| APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-22-148] |
| V. | |
| | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Daniel McMahen appeals from his conviction and sentence by the Columbia County jury on the charges of residential burglary, possession of methamphetamine, possession of drug paraphernalia with purpose to use for methamphetamine, and criminal mischief over $1,000, for which he was sentenced to thirty-six years in the Arkansas Department of Corrections with an additional nine years suspended. He argues that (1) the trial court erred in denying his motion for directed verdict for acquittal for insufficiency of the evidence because the State failed to corroborate the codefendant's testimony, and (2) there was insufficient evidence that the value of the property alleged to have been damaged was over $1000. We find no error and affirm.

On May 7, 2022, deputies of the Columbia County Sheriff's Office were dispatched based on a complaint by James Ainsworth that someone had broken into his mother's house

and shop. Officers arrived on the scene and observed that the door to a shop building had been kicked in to allow entry. The shop contained a Corvette and boxes of stored items. The boxes were on the floor, and papers were scattered. The vehicle had been entered and papers had been scattered inside it as well. A further investigation showed that the residence owned by Ainsworth and his family had also been broken into and the interior ransacked. Mr. Ainsworth advised officers he had installed game cameras on the property and there would be pictures on the memory card of the people who broke into his home. The photographs showed two persons on his property without authority on May 4 and 6. Neither the officers nor Ainsworth recognized the persons, but other officers later identified one of the persons as Danny McMahen.

On May 8, 2022, acting on information from an off-duty officer, Arkansas State Police Trooper Jason Drake located McMahen's vehicle. Drake initiated a traffic stop since he knew McMahen was driving on a suspended driver's license. Upon stopping the vehicle, Trooper Drake recognized McMahen as the person who they believed was involved in the Ainsworth burglary, and his passenger, Tucker Sprayberry, fit the description of the other person photographed at the Ainsworth home by the game camera. McMahen was arrested and read his *Miranda* rights by Officer Glass. McMahen admitted he was at the Ainsworth home and stole gasoline and copper wire. When Sprayberry was searched, Drake discovered a methamphetamine pipe and a baggie with white powder later identified as methamphetamine. Sprayberry immediately told officers that the drugs and pipe were handed to him by McMahen, who told him to conceal it because since he is a minor, he

would not be searched. At trial, Sprayberry testified he and McMahen had been smoking methamphetamine with that pipe earlier in the day. Sprayberry testified that on the night of the May 4, he and McMahen stole containers of gasoline from Ainsworth's home. He testified that on May 6, they went back to find something to steal, and McMahen kicked in the shop door but couldn't find anything to steal, so they looked around the yard and found the copper wire. He also testified that McMahen knocked out a pane of glass in the front door of the house, kicked in the door, and went into the residence. Ainsworth and officers observed the pieces of glass on the front steps to the home from the broken pane. Sprayberry testified he scrapped the copper wire at McMahen's insistence for twenty or twenty-five dollars because someone would have had to provide identification to the purchaser. Sprayberry said McMahen took all the money. At trial, Ainsworth testified that the property stolen was valued in excess of $1,000 including the copper wire, a bag of money of unknown value in the car trunk, a silver-dollar collection, two copper radiators, a chain saw, a CB radio, and two or three five-gallon containers of gasoline. They also damaged the doors to his home and shop.

The jury found McMahen guilty of residential burglary, a Class B felony, and sentenced him to fifteen years; breaking or entering, a Class D felony, and sentenced him to ten years; theft of property (less than $1,000), a Class A misdemeanor, and fined him $2,000; first-degree criminal mischief, a Class D felony, and sentenced him to ten years with nine years suspended; possession of a controlled substance – methamphetamine (less than 0.2 grams), a Class D felony, and sentenced him to ten years; and possession of drug

3

paraphernalia - to ingest methamphetamine, a Class A misdemeanor, and fined him $2,000. The court ordered that the sentences run consecutively for a total of thirty-six years in the Arkansas Department of Correction with an additional nine years suspended.

On appeal, McMahen does not dispute the convictions for breaking or entering or misdemeanor theft of property. He argues that (1) the trial court erred in denying his motion for a directed verdict for acquittal for insufficiency of the evidence due to the State's failure to corroborate the codefendant's testimony on residential burglary, possession of a controlled substance, and possession of drug paraphernalia; and (2) there was in sufficient evidence that the value of the property alleged to have been damaged was over $1,000.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Norwood v. State*, 2023 Ark. App. 387. When reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only that evidence which supports the verdict. *Id.* A judgment of conviction will be affirmed if substantial evidence exists to support it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.* This court defers to the jury's determination on the matter of witness credibility. *Id.* Jurors do not and need not view each fact in isolation; rather, they may consider the evidence as a whole. *Id.*

Here, there was substantial evidence to support the conviction and the denial of the motions for directed verdict. Arkansas law is clear that a conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence

4

tending to connect the defendant with the commission of the offense. *Smith v. State*, 2012 Ark. App. 534, 423 S.W.3d 624. The corroborating evidence may be circumstantial so long as it is substantial; evidence that merely raises a suspicion of guilt is insufficient to corroborate an accomplice's testimony. *Riley v. State*, 2009 Ark. App. 613, 343 S.W.3d 327. The presence of an accused in proximity to a crime, opportunity, and association with a person involved in the crime are relevant facts in determining the connection of an accomplice with the crime. *Id.* Corroborating evidence need not, however, be so substantial in and of itself to sustain a conviction. *Smith, supra.* Rather, it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime. *Procella v. State*, 2016 Ark. App. 515, 504 S.W.3d 686. In this case, there was substantial circumstantial evidence to connect McMahen to the crimes of residential burglary, criminal mischief, possession of drug paraphernalia, and possession of methamphetamine in addition to Sprayberry's codefendant testimony. Ainsworth, the homeowner, testified that (1) the home had not been broken into three or four days prior to McMahen and Sprayberry were on the property without authority; (2) the game camera took pictures of both McMahen and Sprayberry on the property on May 4 and 6, 2020, when the residential burglary, breaking and entering, theft of copper wire, and criminal mischief took place; (3) they both admitted they had stolen gas on May 4 from the Ainsworth property; (4) Sprayberry and McMahen admitted returning on May 6 to steal from the property to get money; (5) the game camera caught them at the door to the shop; (6) McMahen admitted he broke into the shop and stole the copper wire; (7) Sprayberry testified McMahen went to

the house and broke a glass pane in the door to unlock the door and went into the home; (8) there was broken glass on the front-porch steps as Sprayberry, Ainsworth, and officers had testified; (9) Ainsworth testified the house was ransacked and that his mother's silver-dollar collection and his brother's gold ring were missing; and (10) the car that they were arrested in was similar to the car on the Ainsworth property. We conclude that McMahen's admissions, his opportunity to commit the offenses, and his association with Sprayberry were sufficient substantial evidence that tends to connect him to the offenses of which he was convicted. Therefore, we hold that the trial court did not err in denying McMahen's motions for directed verdict.

McMahen further argues that there was insufficient evidence that he caused damage in excess of $1,000 as required to sustain a conviction for first-degree criminal mischief. A person commits first-degree criminal mischief if he "purposely and without legal justification destroys or causes damage to any property of another." Ark. Code Ann. § 5-38-203(a)(1) (Supp. 2021). Criminal mischief is a Class D felony if the amount of actual damage is more than $1,000 but less than $5,000. Ark. Code Ann. § 5-38-203(b)(2). Here, Ainsworth stated it would cost $500 to repair the shop door and "at least $500" to repair the damage to the front door, indicating it may cost more than that to repair the front door of the house. The jury found that the damage exceeded one $1,000 by their verdict. In determining the extent of the loss, the jury had a right to take into the jury box with them their common sense and experience in the everyday affairs of life. *See Mo. Pac. R.R. Co. v. Benham*, 192 Ark. 35, 89 S.W.2d 928 (1936); *Rogers v. Stillman*, 223 Ark. 779, 781, 268 S.W.2d 614, 616 (1954).

6

Therefore, the jury could consider the testimony that the combined repairs would be "at least" $1,000 and find that the repairs would, in fact, exceed $1,000, even if only by a penny.

McMahen also argues that there was no evidence that the methamphetamine or pipe found on Sprayberry was ever in his possession. Specifically, he argues that McMahen did not constructively possess the contraband because it "was under the exclusive control of Sprayberry, on his person, with no proof beyond a reasonable doubt that McMahen had any knowledge of it." When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. *Braswell v. State*, 2022 Ark. App. 102. Constructive possession can be inferred when contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Id.* The defendant's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.* In this case, the contraband was located in the vehicle owned and operated by McMahen. Sprayberry's testimony that his uncle asked him to hide the contraband because he was a minor and wouldn't be searched is corroborated by the fact that Sprayberry was a minor at the time. Furthermore, McMahen was Sprayberry's uncle and exerted dominance and control over the seventeen-year-old minor as corroborated by other evidence at trial, including the fact that the wire admittedly stolen by McMahen was pawned in the name of the minor. The jury is the sole

and exclusive judge of the credibility of witnesses and the weight of their testimony. *Herron v. State*, 202 Ark. 927, 154 S.W.2d 351 (1941); *Waterman v. State*, 202 Ark. 934, 154 S.W.2d 813 (1941). The evidence will be viewed by this court in the light most favorable to the State to sustain a conviction. *Cook v. State*, 196 Ark. 1133, 121 S.W.2d 87 (1938); *Ahart v. State*, 200 Ark. 1082, 143 S.W.2d 23 (1940). The jury found the testimony of Sprayberry credible that McMahen had possessed the contraband and gave it to Sprayberry to conceal, and there was sufficient corroborating evidence to convict McMahen of possession of the methamphetamine and the methamphetamine pipe.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.