Cite as 2024 Ark. App. 473

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-23-536

| | |
|---|---|
| TANDI SPEER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 2, 2024<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-22-529]<br><br>HONORABLE CANDICE A. SETTLE, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

A Crawford County jury convicted appellant Tandi Speer of breaking or entering and first-degree criminal mischief.[1] She was sentenced to an aggregate term of four years' imprisonment. She argues on appeal that the evidence was insufficient to support her convictions. We affirm.

Appellant's jury trial took place on May 5, 2023. The evidence shows that appellant and James Dukes entered property belonging to James Richesin, Jr., located at 2927 Westville Road in Van Buren, Arkansas, on June 2, 2022. The property is a defunct go-kart track that housed cars and equipment. After noticing property missing, Richesin put up a game camera to see who was taking items from the property. He received a notification on his phone on

---

[1]Appellant was acquitted of an aggravated-assault charge.

June 2 from the game camera showing a red Chevrolet Lumina near a building where Richesin housed a lot of his things. He headed to the property after receiving the notification and arrived approximately seven minutes later. Once there, Richesin noticed the Lumina as well as a black truck at the property. The door to the building was shut, and Richesin called out for anyone inside the building to come out. At that point, appellant and Dukes exited the building. Richesin attempted to hold the two at gunpoint until police arrived, but they subsequently went to their vehicles to leave the property. Richesin went to his vehicle and attempted to back down the driveway so that he could block the gate; however, by this time, appellant had driven her car around the black truck and was in front of Richesin's car. As Richesin was backing up, appellant hit his car and pushed it into a sixteen-foot utility trailer. Appellant backed up and Richesin pulled forward. Appellant then hit the driver-side back door of Richesin's car and drove away. Richesin testified that appellant hit his vehicle a total of three times. Richesin said that his car, a Honda Accord, was totaled and that he valued it at $2,500, the price he would expect to pay for that make and year. He also stated that appellant's family had returned some of the items that had been taken from a building on the property, including some die-cast cars and a "fire chief globe that sits on top of a gas pump."

Deputy Allison Testerman of the Crawford County Sheriff's Office testified that she answered Richesin's call about trespassers on his property. She said that when she got there, she noticed that Richesin's vehicle had been damaged by another vehicle. She also noticed that "some stuff sat outside, [and] some stuff [was] moved inside the building." She

2

subsequently contacted appellant at her apartment, and appellant informed Deputy Testerman that she had been to the property in question the night prior and on that day to have sex with her boyfriend. Deputy Testerman testified that damage to appellant's car matched Richesin's statement concerning the events of June 2. She testified that she subsequently arrested appellant. She stated that she had worked approximately two hundred vehicle accidents and that she estimated the damage to Richesin's car to be $6,000.

James Dukes testified that he and appellant were "intimate friends" on the date in question. He stated that he followed appellant to the property and that they were at the property for "unlawful reasons": they went to the property to steal things, and appellant was going to get vehicle registrations. He stated that appellant thought he would be interested in some tools that were on the property. He said that appellant brought black case that was on top of a welding machine he wanted outside to him, but she threw the case down when he said he did not want it. He testified that once someone showed up at the property, he and appellant decided that they would tell the person they were there to have sex. He said that appellant admitted to him that she had rammed Richesin's car. He testified that he had seen a plastic globe gasoline-pump topper and some matchbox cars at appellant's apartment. Dukes was currently incarcerated after pleading guilty to charges stemming from this case. He admitted that he was ordered to pay restitution, jointly and severally, with appellant in the amount of $5,000 due to "the damage done [to Richesin's vehicle] and articles taken [from Richesin's property]."

3

Deputy Keith Smith of the Crawford County Sheriff's Office testified that he interviewed appellant, and the video from that interview was played for the jury. In the interview, appellant denied taking anything from Richesin's property. Appellant said that she had been on the property many times to watch the sunset and sunrise and that she had never seen any trespassing signs or purple markings. Appellant also said that she went to the property on June 2 to have sex in a public place, which was on her bucket list. However, she said that they went into the building because they did not want to be seen. Appellant claimed that the gate and building were open and that she never broke into anything.

At the conclusion of the State's case, appellant unsuccessfully moved for a directed verdict, arguing,

> On the charge of breaking or entering, the State has failed to meet its burden beyond a reasonable doubt, that [appellant] entered or broke into a building or structure, and that she did so with the purpose of committing a theft. There's been no testimony as far as the purpose ~ no credible testimony as far as the purpose of what she went in there for, even if she did enter. . . . Defense would move for a directed verdict on the charge of criminal mischief in the first degree, in that the State has alleged that she purposefully and without legal justification caused damage to the property of another person, and the value of the damage was more than $1,000.00 but $5,000.00 or less. The State's failed to present evidence any other than through the testimony of their alleged victim as to the value of any of the damage that may have been caused, and therefore, we would move for a directed verdict on that[.]

Appellant rested her case without putting on any testimony. The directed-verdict motions were unsuccessfully renewed at the close of all the evidence. The jury found appellant guilty of breaking or entering and first-degree criminal mischief. Appellant was sentence to four years' imprisonment. She filed a timely notice of appeal.

4

Motions for directed verdict are treated as challenges to the sufficiency of the evidence.[2] Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture and is sufficient to compel a conclusion one way or the other.[3] It is not the appellate court's place to try issues of fact; we simply review the record for substantial evidence to support the jury's verdict.[4] When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the State and consider only evidence that supports the conviction.[5]

Arkansas Code Annotated section 5-39-202(a)(1)[6] provides that a person commits the offense of breaking or entering if for the purpose of committing a theft or felony he or she breaks or enters into any building, structure, or vehicle. Breaking or entering is a Class D felony.[7] On appeal, appellant initially seems to challenge the portion of the statute regarding the element of entering. However, in her motion for directed verdict, she recited the statute and argued that even if she did enter the building, there was no credible evidence that she did so with the purpose to commit a theft. She did not challenge or develop her argument

[2] *Clark v. State*, 2015 Ark. App. 142, 457 S.W.3d 305.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] (Repl. 2013).

[7] Ark. Code Ann. § 5-39-202(c).

concerning the enter element of the crime as she now attempts to do. Thus, her argument on that element of the crime is not preserved. Additionally, her attorney conceded during closing argument that the enter element of the crime was not being contested. Specifically, he said that it was "obvious she was in that building."

Appellant also argues that Dukes's testimony concerning their purpose for entering the building on June 2 is not enough to support her conviction for breaking or entering because Dukes is an accomplice, and his testimony needs to be corroborated.[8] The State maintains that appellant's accomplice-corroboration challenge is barred. The State is correct. In order to preserve an accomplice-corroboration challenge to the sufficiency of the evidence for appellate review, a defendant must either have the trial court declare a witness to be an accomplice as a matter of law or submit the issue to the jury for determination.[9] Because appellant failed to do either of these, her challenge to the conviction based on uncorroborated accomplice testimony is not preserved for our review.[10]

---

[8]It should also be noted that appellant has changed her argument from that made at trial. At trial, she challenged the evidence based on witness credibility, which is left to the jury to decide. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Merchant v. State*, 2017 Ark. App. 576, 532 S.W.3d 136.

[9]*Barron v. State*, 2009 Ark. App. 117.

[10]*Johnson v. State*, 358 Ark. 460, 193 S.W.3d 260 (2004). Appellant's counsel concedes that the issue in not preserved but asks this court to take judicial notice.

Appellant contends that the evidence was insufficient to support her conviction for first-degree criminal mischief. A person commits criminal mischief in the first degree if he or she purposely and without legal justification destroys or causes damage to any property of another person.[11] This offense is a Class D felony if the amount of actual damage is more than $1,000 but less than $5,000.[12] Appellant argues for the first time on appeal that she was justified in her actions. However, that argument is not preserved for our review. She also argues that the evidence does not support the statutory amount of damages to Richesin's car. However, the evidence supports the jury's finding that the damage to the car was over $1,000 but less than $5,000. Richesin testified that he considered the damage to be $2,500, which he explained was the price he would expect to pay for the car's make and year. Deputy Testerman testified that based on her experience, the car received damages totaling $6,000. And Dukes admitted that he was to pay $5,000, jointly and severally, with appellant for the damage to Richesin's car and the items taken from Richesin's property. Photos of the damage to the car were also introduced as evidence. By all accounts, the damage to Richesin's vehicle exceeded $1,000, and the jury found as much based on their verdict. In determining the extent of the loss, the jury had a right to take into the jury box with them their common sense and experience in the everyday affairs of life.[13] Thus, the jury could

---

[11]Ark. Code Ann. § 5-38-203(a)(1) (Supp. 2023).

[12]Ark. Code Ann. § 5-38-203(b)(2).

[13]*McMahen v. State*, 2024 Ark. App. 101, 684 S.W.3d 332.

consider the testimony and other evidence before it to determine that the damage to Richesin's car met the statutory minimum to support the charge against appellant.[14]

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[14]*See id.*